UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GREGORY SEREVETAS,**<br><br>Plaintiff,<br><br>v.<br><br>**SELECTIVE INSURANCE COMPANY OF AMERICA,**<br><br>Defendant. | Civil Action No. 13-7552 (PGS)<br><br>**REPORT AND RECOMMENDATION** |

**BONGIOVANNI, Magistrate Judge**

  This matter having been opened by the Court *sua sponte* based on Plaintiff's failure to comply with Court Orders, participate in scheduled conferences and prosecute this matter. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

**BACKGROUND AND PROCEDURAL HISTORY**

  On December 13, 2013, Plaintiff filed this breach of flood insurance contract matter stemming from Hurricane/Superstorm Sandy against Rand Beers, the Federal Emergency Management Agency ("FEMA") and Selective Insurance Company of America. (Complaint; Docket Entry No. 1). Selective filed an Answer in response to Plaintiff's Complaint on April 7, 2014. (Docket Entry No. 4). Immediately upon the Answer being filed, the Court entered Case Management Order No. 1 (the "CMO") (Docket Entry No. 7) and, in accordance with same, dismissed Plaintiff's claims against Rand Beers and FEMA. Pursuant to the CMO, the following day, the Court scheduled a telephone conference for August 13, 2014 at 11:00 A.M. and directed Plaintiff to initiate same. (Text Order of 4/8/2014; Docket Entry No. 7). Plaintiff failed to initiate the telephone conference as directed.

In light of Plaintiff's failure to comply with the April 8, 2014 Text Order and initiate the August 13, 2014 telephone conference, coupled with his failure to contact the Court since the missed conference or in any way indicate what his intentions are with respect to this case, the Court entered an Order to Show Cause ("OTSC"), requiring Plaintiff to submit a position statement by September 5, 2014, outlining why this case should not be recommended for dismissal with prejudice. (*See* Letter Order to Show Cause of 8/21/2014 at 2; Docket Entry No. 11).

In entering the OTSC, the Court noted that "Plaintiff's counsel wrote to a different Magistrate Judge regarding various 'Metorological Event Sandy Cases' and the plaintiffs' intentions to file motions to voluntarily dismiss the matters identified in said letter pursuant to Federal Rule of Civil Procedure 41(a)." (*Id*. at 1 (citation omitted)). The Court further noted that said letter "was not addressed to the undersigned and does not reference the above-captioned matter." (*Id*. at 1-2). More importantly, the Court stated that "even if it were and even if it did, that would not excuse Plaintiff's failure to participate in a court ordered status conference. Absent a conference being specifically adjourned or cancelled by the Court, said conference is expected to go forward." (*Id*. at 2). As a result, the Court required Plaintiff to show cause as outlined above.

Despite the Court's admonishment and the entry of the OTSC, Plaintiff failed to submit the required position statement.

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case.  *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty.  *Id.*  Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b).  *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of this matter with prejudice.  For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of this matter with prejudice:

1. **Plaintiff's Personal Responsibility:**  The Court cannot definitively place the blame for Plaintiff's failure to comply with the Court's Orders, both the Text Order scheduling and requiring Plaintiff to initiate a telephone conference on August 13,

2014 as well as the OTSC requiring Plaintiff to submit a position statement by September 5, 2014, on Plaintiff.  The fault here could lie with Plaintiff himself, his attorney or a combination of the two.  As such, the Court finds this factor to be neutral.

2. **Prejudice to Defendant:**  Plaintiff's failure to comply with the Court's Orders has caused manifest injustice to Selective.  Plaintiff initiated this action and has done essentially nothing since filing the Complaint.  This is true despite court orders requiring action on the part of Plaintiff.  Plaintiff's failure to do that which was required of him supports dismissal of this matter.  *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:**  Plaintiff has a history of dilatoriness.  Plaintiff failed to initiate the conference scheduled by the Court, despite a court order requiring him to do so.  After failing to initiate the conference, he made no effort to contact the Court in a timely matter and, in fact, never contacted the Court.  Further, even after the Court entered the OTSC requiring Plaintiff to submit a position statement, Plaintiff failed to timely submit same – in fact, no position statement was ever submitted.  Plaintiff's inaction in this regard supports the dismissal of his claims with prejudice.

4. **Willfulness or Bad Faith:**  The Court does not on this record find that Plaintiff proceeded in bad faith.  The Court does, however, find that Plaintiff's conduct has been willful.  The record of Plaintiff failing to comply with the Court's Orders, including the OTSC, supports a finding of willfulness.  It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:** The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile. Despite being faced with an OTSC that explicitly threatened the dismissal of his case with prejudice, Plaintiff did not submit the required position statement. On the facts presented here, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances the Court finds that dismissal of Plaintiff's claims with prejudice is warranted. Plaintiff voluntarily filed this case. After doing so, he has essentially failed to take any steps towards advancing same to trial. Plaintiff has failed to comply with this Court's Orders, including the OTSC, which threatened the possible dismissal of his action with prejudice and required the submission of a position paper outlining why this case should not be so dismissed. Plaintiff's actions in this regard demonstrate a pattern of non-compliance with his obligations under the Federal Rules of Civil Procedure, a failure to prosecute this matter which he initiated against Selective and an utter disregard for this Court. As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

## Conclusion

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 10th day of September, 2014,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**